Francis J. SHEERAN, Thomas Byron and George Mycock, Defendants Below, Appellants,

v.

Jesse COLPO, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: April 4, 1983.

Decided: April 25, 1983.

Thomas L. Little, Wilmington, for appellants.

Jane R. Roth (argued), Neil B. Glassman, Richards, Layton & Finger, Wilmington, for appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

PER CURIAM:

This libel action was brought by the plaintiff, Jesse Colpo, based on allegedly defamatory statements published against him at the direction or instigation of the defendants, Francis J. Sheeran, Thomas Byron and George Mycock, during a campaign for election of officers of General Teamsters Local Union 326 in Wilmington, Delaware. Colpo was a candidate for president of the Union, seeking to oust the incumbent, Sheeran. Byron was a candidate for secretary and treasurer, and Mycock was chairman of the stewards committee supporting the Sheeran-Byron slate.

Following trial by jury, Colpo received a verdict against all the defendants for general damages in the total amount of $9,000, assessed at $3,000 against each of them, plus $12,000 in punitive damages against Sheeran.

Defendants challenge the sufficiency of the evidence regarding the defamatory nature of the statements which they caused to be published about Colpo. The principal thrust of the defendants' brief is the rather patronizing argument that union elections by their nature are so turbulent that union members have a virtual license, not enjoyed by other citizens, to defame each other without regard for the consequences. As will be shown, that is not the law, and the jury was properly instructed. The record amply supports the jury's verdict and we affirm.

The record shows that the defendants caused a flier to be distributed two days before the election, the contents of which were reviewed by Sheeran and known to the defendants, which libeled Colpo in the following respects:

1) It falsely stated that Colpo dissipated money obtained from his friends for investment in an invention, and later was unable to account for the funds, thereby falsely implying that the money had been misappropriated.

2) It falsely stated that a nationally known labor leader had rejected a solicitation by Colpo for funds for his invention because the labor leader was aware of Colpo's duplicity and ambiguousness.

3) It falsely implied that Colpo had mishandled other funds of union members.

4) It falsely stated that Colpo obtained a transfer to Delaware by cheating 38 other men out of their seniority.

5) It falsely stated that Colpo demonstrated incompetence as a candidate for union leadership by calling an open meeting of his supporters and then not showing up himself.

The record also demonstrates, and the jury evidently found, that each of these statements was false. Moreover, the jury could properly conclude from the testimony of the defendants and non-party witnesses that the defendants had full knowledge that statements (4) and (5) above were false, that Sheeran had full knowledge that statement (2) above was false, and that all of the defendants acted with reckless disregard as to the truth or falsity of statements (1) and (3).

Defendants argue that all of this was privileged because it took place in an environment of "tumultuous and hostile Union politics". While this issue has not been addressed previously in Delaware, it is clear that under federal law there is no privilege whatever of the type which defendants claim exists, and nothing in this record supports a different result here.

If a jury is satisfied that a statement has been uttered with actual malice, i.e., a deliberate intention to falsify or with reckless disregard for its truth or falsity, *nothing* protects union members or anyone else from the consequences of their acts.

*Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin,* 418 U.S. 264, 281–86, 94 S.Ct. 2770, 2779–82, 41 L.Ed.2d 745 (1974); *Linn v. United Plant Guard Workers, Local 114,* 383 U.S. 53, 61, 86 S.Ct. 657, 662, 15 L.Ed.2d 582 (1966). While it is true that union members may use "intemperate, abusive, or insulting language without fear of restraint or penalty" if they believe such rhetoric to be an effective means to make their point, it is the element of falsehood, uttered recklessly or deliberately, that completely destroys the limited privilege a union member would otherwise enjoy. 418 U.S. at 283–84, 94 S.Ct. at 2780–81. Moreover, there are certain types of statements without regard for any nuances of "truth" in such matters, which simply have no place in our society, including union affairs. *N.L.R.B. v. Silverman's Men's Wear, Inc.,* 656 F.2d 53, 57–58 (3d Cir.1981).

The Supreme Court of the United States long ago put these defendants' arguments to rest:

[T]he most repulsive speech enjoys immunity provided it falls short of a deliberate or reckless untruth. But it must be emphasized that malicious libel enjoys no constitutional protection in any context. After all, the labor movement has grown up and must assume ordinary responsibilities. The malicious utterance of defamatory statements in any form can not be condoned, and unions should adopt procedures calculated to prevent such abuse.

*Linn,* 383 U.S. at 63, 86 S.Ct. at 663.

The standard, then, is that of *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). While a plaintiff may not recover except upon proof of harm, this may include general injury to one's reputation, consequent mental suffering, alienation of associates, specific items of pecuniary loss, or whatever form of harm would be recognized by state tort law. *Linn,* 383 U.S. at 65, 86 S.Ct. at 664.

Thus, the jury was properly instructed as follows:

If you find that any defendant libeled the plaintiff intentionally or with reckless

disregard for the truth by clear and convincing evidence, you should award to the plaintiff such amount as you find will fairly and adequately compensate him. In determining the proper amount, you may take into consideration any pain and suffering the plaintiff may have suffered in the past as a result of the libel which was committed against him and any pain and suffering that is reasonably probable that the plaintiff may experience in the future. You may take into account probable as well as proven injury to plaintiff's reputation. In the case of a deliberate or reckless libel, damage to reputation is presumed and you may award such funds as you judge will adequately compensate in light of the nature of the libel, the extent of its distribution and the probable effect on the persons who may have read it.

█ There was ample evidence in the record upon which the jury could reach its verdict and assess damages in accordance with the foregoing instruction. It can not be said that this verdict is excessive.

AFFIRMED.